<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHEL BUCHBUT,<br><br>       Plaintiff,<br>v.<br><br>MICHAEL TESAR, PLASTICORP, INC., OPUS BANK, JOHN DOES 1-10, *et al*.,<br><br>       Defendants. | Civil Action No. 12-7129 (DMC)<br><br><br><u>MEMORANDUM OPINION</u> |

**F<small>ALK</small>, U.S.M.J.**

   Before the Court is Defendant Opus Bank's motion to dismiss the Complaint for lack of personal jurisdiction and improper venue, or in the alternative, to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).  [CM/ECF No. 70.]  Plaintiff has opposed dismissal on personal jurisdiction and improper venue grounds, but has not submitted any substantive response to Opus Bank's request for transfer.  Pursuant to Rule 78, and for the reasons stated below, Opus Bank's motion to transfer to the Central District of California is **GRANTED**.  Opus Bank's motion to dismiss for lack of personal jurisdiction and improper venue is **DENIED AS MOOT**.

## BACKGROUND

This is a breach of contract and fraud case. Plaintiff Buchbut is a New Jersey citizen and the managing member of a limited liability company referred to as Best Plastico, LLC ("Best Plastico"). Best Plastico is organized under the laws of California. Defendant Plasticorp, Inc. is a California corporation that owns and operates a plastic injection molding factory in Harbor City, California. Defendant Michael Tesar is a citizen of California and is the President and Chief Executive Officer of Plasticorp. Defendant Opus Bank is a California corporation with its principal place of business in Irvine, California.

The Complaint generally alleges the following.[1] Plasticorp owned plastic extrusion equipment, molding machines, and other similar machinery having a fair market value in excess of $2 million (the "Plasticorp Assets"). (Compl., ¶ 11.) The Plasticorp Assets were subject to a secured interest held by Opus Bank in connection with a $650,000 loan.

On May 16, 2012, Opus Bank filed a collection action against Tesar and Plasticorp in California state court to recover an outstanding balance on the $650,000 loan. (Compl., ¶¶ 13-14.) Tesar allegedly told Opus that he could not repay the loan and intended to place Plasticorp in bankruptcy. Thereafter, Tesar and Opus agreed to discuss alternatives to bankruptcy and put the state court litigation "on hold." (Id.)

Plaintiff is engaged in the plastic extrusion business on the East Coast. (Compl., ¶ 21.) In August 2012, Tesar contacted Plaintiff about purchasing the Plasticorp Assets. (Compl., ¶¶ 21-23.) Plaintiff alleges that a series of telephone conversations and email communications

---

[1] Only the relevant allegations have been repeated. They are assumed true for purposes of this motion.

followed involving himself, Tesar, and a representative from Opus Bank named Raymond Sykes. (Compl., ¶¶ 23-24, 29, 32.)  Plaintiff claims that at no time during these conversations was he informed of the existence of the California collection lawsuit.  (Compl., ¶ 35.)  After multiple telephone conversations and a trip by Plaintiff to California to inspect Plasticorp's machinery, Plaintiff created a limited liability company—Best Plastico—under California law.  Plaintiff then claims that he entered into a loan assumption agreement with Opus Bank, and that Best Plastico entered into an asset purchase agreement with Plasticorp through which it purchased the Plasticorp Assets.  (Compl., ¶¶ 32, 34, 36.)  Plaintiff claims to have made a $15,000 payment to Opus as part of the loan assumption and to have invested more than $1.5 million in renovating Plasticorp's machines.

Following Best Plastico's agreement to purchase the Plasticorp Assets, Plaintiff claims that the Defendants fraudulently entered into a stipulated judgment resolving the California state court litigation.  (Compl., ¶ 37.)  Following entry of the stipulated judgment, Plaintiff claims that Opus improperly repudiated the loan agreement with Best Plastico, accelerated the amount due on the loan, and filed an application in California state court to have a receiver appointed to seize the Plasticorp machinery.

On November 16, 2012, Plaintiff filed the present action for: (1) breach of the asset purchase agreement (against Plasticorp and Tesar); (2) breach of contract (against Opus Bank); (3) deceptive trade practices (against Opus Bank); (4) promissory estoppel (against Opus Bank); and (5) fraud and deceit (against Opus Bank, Plasticorp and Tesar). [CM/ECF No. 1.][2]

---

[2] In December 2012, Plaintiff filed an "emergency motion for a preliminary injunction to restrain Opus Bank from levying upon Plaintiff's personal property." [CM/ECF No. 3.]  District Judge Cavanaugh denied the motion without prejudice because Plaintiff failed to provide proof that it had served its motion papers on the Defendants. [CM/ECF No. 4.]  To date, it appears Plaintiff still has not served the Complaint on Tesar or Plasticorp, as no proof of service for either Defendant appears on the docket.  Nevertheless, on February 7, 2013, Plaintiff filed a

On February 13, 2013, Opus Bank filed a motion to dismiss for lack of personal jurisdiction and for improper venue or in the alternative to transfer the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). [CM/ECF No. 70.]

On March 19, 2013, Plaintiff filed opposition to the dismissal motion, but did not provide any substantive opposition to the request to transfer.

On March 25, 2013, Opus Bank filed a reply, noting, among other things, the absence of a substantive response to its request for transfer.

## APPLICABLE LAW

Section 1404(a) provides broad authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a).  The decision to transfer a case under Section 1404(a) is a highly discretionary one. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Cadapult Graphic Sys., Inc.v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000).  Section 1404(a) is meant "to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses . . . .'" Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen

---

renewed motion for a preliminary injunction, which Opus Bank opposed on February 19, 2013. Among the many arguments made in opposition to the injunction motion, Opus Bank has taken the position that the personal jurisdiction issues must be resolved prior to consideration of the renewed injunction motion.  Opus Bank has also raised the issue of Plaintiff Buchbut appearing as the sole named Plaintiff when the Asset Purchase Agreement in dispute is between two companies—Best Plastico and Plasticorp.  It is true that the Asset Purchase Agreement, which Plaintiff describes as "central to this lawsuit," is between Best Plastico and Plasticorp, and that Plaintiff is not a party to the agreement. (See Asset Purchase Agreement dated September 14, 2012.)  Yet, Plaintiff claims that he is a proper party Plaintiff because he is somehow proceeding as "authorized assignee" of Best Plastico.  (Compl., ¶ 2.)  Whatever the case may be, the personal jurisdiction issue is rendered moot by transfer of this action to the Central District of California.

v. Barrack, 376 U.S. 612, 616 (1964)). The moving party bears the burden of establishing (1) that the proposed transferee forum is one in which the case "might have been brought," and (2) that, in the interest of justice, the proposed transferee forum is more convenient for the parties and witnesses. See CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc., 309 F. Supp. 2d 637, 643 (D.N.J. 2004) (citations omitted).

While the transfer statute expressly identifies certain criteria for a court to consider—convenience of parties, convenience of witnesses, and the interests of justice—the Third Circuit has articulated a more comprehensive list of public and private concerns implicated by Section 1404(a). Private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995).

Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id.

Ultimately, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." Id.; see Clark v. Burger King Corp., 255 F. Supp.2d 334, 337 (D.N.J. 2003). This analysis is flexible and must be made on the unique facts of each case. Calkins v. Dollarland, Inc., 117 F. Supp.2d 421, 428 (D.N.J. 2000).

## **DECISION**

A full analysis of the Jumara factors is not necessary in this case. Plaintiff has not submitted a brief that addresses the Section 1404(a) transfer issue. It is also clear that this case belongs in California. There are a number of reasons.

First, the parties in interest are in California.[3] Plaintiff's LLC, Best Plastico, which is the contracting party with respect to the Asset Purchase Agreement pleaded in the Complaint, was created under California law. Plasticorp is a California corporation. Opus Bank is a California company. Defendant Tesar is a California citizen. And the Opus Bank employee Plaintiff allegedly spoke with on the phone, Raymond Sykes, is in California. Moreover, while Plaintiff resides in New Jersey, he set up Best Plastico in California and traveled to California in connection with the underlying dispute.

Second, the relevant documents and sources of proof are located in California. All of Opus Bank's documents are in California. Likewise, the Plasticorp Assets are located in California. Similarly, the records relating to the California state court proceeding between Opus and Tesar are in California. In contrast, there has been no mention of any sources of proof in New Jersey.

---

[3] A prerequisite to transfer is that this case "might have been brought" in the Central District of California. In order for a district to qualify as one where the action "might have been brought" it must be shown that, when the action began, (a) the proposed transferee district court would have had subject matter jurisdiction over the action, (b) venue would have been proper there, and (c) defendant would have been amenable to process issuing out of the transferee district court. See, e.g., 15 Charles A. Wright, et al., Federal Practice & Procedure, § 3845 ("Wright & Miller"); see also Hoffmann v. Blaski, 363 U.S. 335 343 (1960). There is no question this action could have been commenced in the Central District of California because all of the Defendants are located there.

<u>Third</u>, the operative facts arise largely, if not exclusively, out of activity that occurred in California. Plaintiff traveled to California to examine plastic extrusion equipment. Plaintiff then created a company under California law that entered into a contract with another company in California to purchase equipment located in California. This dispute is all about California. No one traveled to New Jersey, and the only basis for jurisdiction over the Defendants in this District are phone and email communications, the substance of which appear to be disputed.

<u>Fourth</u>, the Asset Purchase Agreement that Plaintiff describes as "central" to this lawsuit is between two California companies and contains a California choice of law provision. (Asset Purchase Agreement dated September 14, 2012, at ¶ 14(b).) It would be more convenient for a diversity case involving California parties and California law to proceed in California.

<u>Fifth</u>, there is a real question as to whether this Court could exercise jurisdiction over Opus Bank, Plasticorp and Tesar. Moreover, Plaintiff apparently contemplates the identification of up to ten John Doe defendants who he describes as attorneys "practicing within the State of California and citizens of the State of California" that were involved in the California collection lawsuit. (Compl., ¶ 6.) The basis for asserting jurisdiction over these parties in New Jersey is uncertain.

<u>Sixth</u>, Plaintiff's choice of forum is not entitled to substantial weight. Plaintiff is not the contracting party with respect to Asset Purchase Agreement in dispute. Rather, he claims to be operating under an assignment from a limited liability company formed under California law.

<u>Seventh</u>, Plaintiff has filed a motion for a preliminary injunction that has everything to do with activity in California and nothing to do with activity in New Jersey. For one thing, the motion seeks to enjoin a receiver appointed by a California state court from seizing property. For

another, the motion claims irreparable harm if the seizure is not enjoined, but the irreparable harm alleged appears to involve, at least from the papers that have been submitted, the potential for harm occurring in California.[4]

<u>Eighth</u>, Plaintiff has not submitted opposition papers that address transfer under Section 1404(a).  Instead, Plaintiff's brief only responds to the motions to dismiss for lack of jurisdiction and venue under Rule 12, arguing that it was technically permissible to file this suit in New Jersey.  That entirely misses the mark.  Transfer under Section 1404(a) is about convenience for the litigants and the Court and efficiency.  <u>See, e.g.</u>, 15 Wright & Miller § 3844.  As opposed to dismissal for filing in an inappropriate district under Rule 12, transfer under Section 1404(a) focuses on which of multiple appropriate districts is the most <u>convenient</u> one in which to litigate a case.  <u>See, e.g.</u>, 15 Wright & Miller § 3844.  Plaintiff's papers fail to discuss transfer at all.  Conversely, Opus Bank, for the reasons stated above, has shown why this case belongs in California.

---

[4] This says nothing of the fact that any supposedly irreparable harm could possibly be argued to enure to Best Plastico, not Plaintiff individually.

## CONCLUSION

The reality of the situation is that this is a California focused dispute involving parties that are primarily located in California. Based on the above, Defendant's motion to transfer this action to the United States District Court for the Central District of California is **GRANTED**. The motions to dismiss for lack of jurisdiction and improper venue are moot.

        _s/Mark Falk_
        **MARK FALK**
        **United States Magistrate Judge**

**DATED: April 10, 2013**